On March 25, 1943, Billie C. Otwell filed a petition in which he claimed compensation for total and permanent disability against The Travelers Insurance Company, the compensation insurer of T. L. James Company, petitioner's employer. After making the necessary allegations to bring his claim under the Compensation Law of this State, Act No. 20 of 1914, § 20, as amended by Act No. 85 of 1926, he alleged that on October 27, 1942, while performing the duties in the course and scope of his employment at what was known as the "Jap Camp", in Lincoln Parish, Louisiana, a board 1 x 6 and 16 feet long slipped from its position and fell a distance of approximately 30 feet, striking him endways in his left thigh. The force of the blow knocked him down and a distance of 10 feet or more from where he was standing when struck.
Petitioner further averred that as a result of said accident, he sustained serious and permanent injury to his left thigh and leg "the exact nature of which is unknown"; that the said injury caused total and permanent disability, but on information and belief he averred that said trauma and blow injured the fascia covering the muscles and injured muscles, nerves and blood vessels at the site of the blow; that said fascia, muscles, nerves and blood vessels were ruptured or lacerated, as well as other soft tissues to the extent that petitioner cannot use his left leg and thigh and can no longer do work of a reasonable character; and that his left leg is weak and painful and also that the veins of said leg were injured.
An amended petition was filed in which the petitioner alleged as additional injuries caused by the accident a complete and well-defined inguinal hernia on his left side and a potential hernia on his right.
The Insurance Company in answer admitted the accident and alleged that plaintiff's injuries consisted of a bruise on the left leg, which caused him temporary, total disability, and that he had entirely recovered from all ill effects of the injury received in the accident prior to February 10, 1943 and that if any disability existed after that date, it was due to the failure of petitioner to exercise his leg and follow the instructions of the physicians. It alleged that it had paid the hospital and doctors' bills for treatment given *Page 71 
petitioner and had paid him compensation until February 10, 1943, and prayed that his demands be rejected. It denied the allegations of hernia set out in the amended petition.
After trial on the above-related issues, the lower court awarded plaintiff judgment for 65% of his weekly wages for a period not to exceed 400 weeks, finding that the leg injury caused total disability and that the evidence did not establish that the hernias complained of were caused by the accident. The judgment was signed on June 30, 1943.
Neither petitioner nor the Insurance Company appealed from this judgment and the Insurance Company paid compensation under said judgment until March 3, 1944, when it appeared by rule alleging that Otwell had recovered from his injuries. It alleged that the judgment was based solely on the disability of Billie Otwell's left leg and that two doctors who had examined Otwell on January 10th and 11th, 1944, advised it that Otwell had fully recovered from all injuries he sustained in the accident of October 27, 1942, and made the basis of the judgment it seeks to have held satisfied.
In answer to the rule, Otwell denied that he had recovered from the injuries received in the accident and, further answering, averred that he is still totally and permanently disabled, due to the disability in his left leg and due to hernia, as previously alleged herein, and further alleged that the disability in his left leg is to some extent caused by the pressure on a nerve or nerves due to a forward slipping of the fifth lumbar vertebra on the sacrum, which has recently been disclosed by an X-ray made by Dr. S.C. Barrow, Radiologist of Shreveport, Louisiana. At the conclusion of the trial of the rule, the lower court rendered the following opinion:
"Plaintiff, Billie C. Otwell, obtained a judgment herein in his favor decreeing that compensation be paid him by defendant, his employer's insurer, at the rate of $15.70 per week, during the disability to plaintiff's leg, not to exceed 400 weeks.
"Defendant instituted the present proceeding under the provisions of Section 20 of Act No. 20 of 1914, as amended by Act No. 85 of 1926. That provision of the law gives to either party the right, at any time after six months following the rendition of the judgment, to have it reviewed 'on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation.' Here the application for a discontinuation of all payments of compensation is made upon the ground that disability has ceased entirely.
"The answer made by plaintiff is that he is still totally and permanently disabled due to the disability in his left leg, and that, to some extent, said disability was caused by the pressure on a nerve or nerves due to a forward slipping of the fifth lumbar vertebra on the sacrum, which was discovered only recently.
"Plaintiff alleged in its petition for a review of the judgment that it had had Otwell (plaintiff) examined by Drs. J.B. Harris and M.T. Green, during the month of January, 1944, and that said two physicians had advised it that plaintiff has entirely recovered from the ill effects of the injuries which were made the basis of the judgment rendered herein in his favor of June 30, 1945. The burden is upon defendant to establish its allegation that plaintiff has entirely recovered from his injuries, or has recovered from them sufficiently to justify the relief sought.
"The defendant has failed to discharge that burden.
"Plaintiff still suffers from pain and swelling in his left leg daily and to such an extent that he is unable to do work of any reasonable nature. According to his testimony, there has been only slight improvement in his condition since the date of his injury.
"Six able and experienced physicians gave testimony in the trial of this phase of the case. Two of them, Drs. Harris and Green, testified that, in their opinions, plaintiff has entirely recovered from the injuries he suffered or sustained to his left leg. They gave plaintiff thorough physical examinations and failed to locate any cause for his pain and the swelling of his leg. Four of the physicians, Drs. McIntyre, Paine, Cassity and Potts, on their examinations, located just cause for said conditions, that is, that from some cause unknown to them the fifth lumbar vertebra has slipped forward on the sacrum.
"Plaintiff did not know of that condition, or of that phase of his injury, at the time he instituted suit, therefore, he could not and did not specifically allege it. But *Page 72 
he did allege that the pain and swelling in his left leg was caused by and from the injury he sustained when the piece of timber fell and struck his leg or hip. A party does not have to be quite so specific in his pleadings in a compensation suit as in other types of suits. Defendant cannot complain of his failure to allege the injury to said vertebra because under the law defendant had the right to have plaintiff examined by its own physicians and did have him so examined. There is no suggestion in the record or elsewhere that plaintiff did not sustain the vertebra injury at the time he was struck by the piece of timber.
"It is the Court's opinion that defendant has failed to show just cause for a modification of the judgment.
"Let the rule herein issued be recalled and the demands of The Travelers Insurance Company be rejected at its costs, the costs to include the fees of the six physicians who testified in the case which fees, by agreement of counsel, are herein fixed at $25.00 each.
"Let formal judgment be signed in accordance herewith."
A rehearing was granted and without giving written reasons for so doing, the lower court reversed its finding and awarded judgment for plaintiff in rule and from this judgment Otwell, defendant in rule, is now prosecuting this appeal. The minutes show that the judgment was based upon the opinion of the court that petitioner had sufficiently recovered from the injuries received and alleged upon in the original petition to justify the judgment. The lower court did not say or find that the disability to the left leg had ceased. It did find that the disability to the leg had recovered from the injuries received and alleged upon in the original petition.
Defendant in rule is a man sixty-five years of age and it cannot be contended by anyone, and we are sure it is not, that he is not at the present time totally and permanently disabled from performing any kind of work. The record makes it clear that he still suffers with pain and swelling in the left leg when he makes use of it, and cannot stand on it to do any labor for any appreciable length of time. He also has two complete inguinal hernias at this time and has a slipping of the fifth lumbar vertebra on the sacrum which is or does impinge or otherwise affect the sciatic nerve, causing severe pain in the leg, thigh and buttocks. The record also discloses that there is no focal infection causing any of plaintiff's troubles.
Since the lower court in its written judgment awarding compensation rejected any claim due for hernia and no appeal was taken therefrom, and since it is unnecessary to a decision of this case, we prefer not to pass upon the effect of that judgment and the hernia disability, insofar as this opinion is concerned, will not be considered and we will base our decision upon the leg injury alone considering the causes of said disability.
[1] Counsel for plaintiff in rule successfully urged in the lower court, and seriously urges here, that the only causes for disability to the leg which can be considered in passing on this rule are the causes of disability alleged in the original suit and made the basis of the judgment therein, and the question of the prolongation of disability from causes not known at the time the original suit was filed cannot now be considered, even though alleged in answer to the rule, therefore, the court is without right to take into consideration the effect the slipping of the fifth lumbar vertebra has on the leg's disability. He frankly admits that if he is not correct in this theory, then his client should not have judgment. He also, in argument and brief, states that defendant in rule could file a new suit alleging this fact and have a right to be heard on this issue, but that he cannot raise it in answer to the rule seeking to have compensation payments stopped on the ground of recovery from disability for which compensation has been awarded. We can not agree with counsel's position.
In the original petition plaintiff alleged the nature of the injury to his leg was unknown to him. He had no knowledge of the back condition until a short time prior to the trial of this rule. The force of the blow was sufficient to account for the leg being disabled and it would be unreasonable to believe that a blow of such force as that received by plaintiff did not do serious damage to his leg, its muscles, nerves, etc. Whether the present condition of the back was caused by that blow or whether it existed prior to that accident can make little or no difference. The fact remains that prior to the accident Otwell's leg gave him no trouble and ever since the accident, it has disabled him. If the slipping of this vertebra impinges a nerve injured by the blow and prevents recovery, *Page 73 
it is a cause that can be shown on trial of the rule to stop compensation payments for disability to the leg.
It must be borne in mind that Otwell is not trying to recover for the back condition, he is only attempting to and did show that the back condition was one of the causes of the continuation of the leg injury. It is not suggested or even intimated that Otwell has been involved in any accident of any kind since the one for which he recovered compensation. If such were a fact, plaintiff in rule had the right to show it on trial of the rule.
[2] In order to uphold the contention of plaintiff in rule, we would have to give a very strict interpretation of the required procedure and pleadings in compensation cases, which is not only not required but forbidden by the act itself and the jurisprudence of this State.
The fact that plaintiff's back condition is preventing the leg from recovering is similar in every respect to syphilis, or some other systemic condition preventing an injury from healing. If it had been discovered that Otwell had a systemic condition such as syphilis at the time the back injury was discovered and that condition was causing the leg not to heal could anyone doubt his right to prove that condition in defending the rule to stop compensation? We think not.
[3] This case narrows down to just this: Plaintiff in rule asks the court to find that Otwell is not entitled to receive further compensation payments for the reason his leg is no longer disabling him. The record discloses the leg is still disabling and, unless plaintiff in rule can by a preponderance of the evidence show the injury to the leg has fully recovered, it cannot recover. If, as the doctors who testified for plaintiff in rule state, they can find nothing to cause the leg to be disabled, then defendant in rule can show the cause or causes which have and continue to prevent recovery of use of that leg, and that is exactly what the defendant in rule has done.
Plaintiff in rule takes the position that defendant in rule in his original petition alleged and the court awarded him compensation for injury to the muscles and soft tissues of the leg and atrophy of that leg; that these injuries were the basis of the judgment and that although the leg is still disabling, since the muscles and soft tissues have healed and the leg is less atrophied, no compensation is due and the rule should be made absolute for the reason the original judgment was based solely on the damage to the muscles, soft tissues, etc., and that it does not matter that the leg is still disabling so long as the injuries on which the judgment was based have disappeared, and that defendant in rule cannot show any other reason or cause for the continuance of disability. In our opinion, the contention is not sound.
We are convinced that the lower court, in its written opinion rejecting plaintiff's demands and recalling the rule, was correct, and that the judgment rendered on rehearing overruling its former opinion and sustaining plaintiff in rule is erroneous.
The judgment of the lower court is therefore reversed and the demands of plaintiff in rule are rejected at its costs in both courts.